1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CONNOR A. DAVIS,

11           Plaintiff,                      No. CIV S-06-2899 ALA P

12        vs.

13   RED BLUFF PAROLE OFFICE,
     et al.,
14
             Defendants.               ORDER
15   _____/

16        Plaintiff is a state prisoner without counsel prosecuting a civil rights action. *See* 42

17   U.S.C. § 1983.  He seeks leave to proceed in forma pauperis.

18        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

19   Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C. §

20   1914(a).  Plaintiff must make monthly payments of 20 percent of the preceding month's income

21   credited to his trust account.  28 U.S.C. § 1915(b)(2).  The agency having custody of Plaintiff

22   shall forward payments from Plaintiff's account to the Clerk of the Court each time the amount

23   in the account exceeds $10 until the filing fee is paid.

24        The court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it

25   does not state a cognizable claim against any defendant.  To proceed, Plaintiff must file an

26   amended complaint.

1   Any amended complaint must show that the federal court has jurisdiction and that

2   Plaintiff's action is brought in the right place, that Plaintiff is entitled to relief if Plaintiff's

3   allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a

4   defendant only persons who personally participated in a substantial way in depriving Plaintiff of

5   a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person

6   subjects another to the deprivation of a constitutional right if he does an act, participates in

7   another's act or omits to perform an act he is legally required to do that causes the alleged

8   deprivation).  If Plaintiff contends he was the victim of a conspiracy, he must identify the

9   participants and allege their agreement to deprive him of a specific federal constitutional right.

10   In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

11   R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.

12   Fed. R. Civ. P. 18(a).  If Plaintiff has more than one claim based upon separate transactions or

13   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

14   The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d

15   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

16   heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P.

17   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

18   Plaintiff's claims must be set forth in short and plain terms, simply, concisely and

19   directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

20   point of a simplified pleading system, which was adopted to focus litigation on the merits of a

21   claim."); Fed. R. Civ. P. 8.

22   Plaintiff must eliminate from Plaintiff's pleading all preambles, introductions, argument,

23   speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible

24   defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)

25   (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El*

26   *v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of

1    Civil Procedure is fully warranted" in prisoner cases).

2        A district court must construe pro se pleading "liberally" to determine if it states a claim

3    and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an

4    opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However,

5    the "[f]actual allegations must be enough to raise a right to relief above the speculative level on

6    the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell*

7    *Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

8        The court (and defendant) should be able to read and understand Plaintiff's pleading

9    within minutes. *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many

10    defendants with unexplained, tenuous or implausible connection to the alleged constitutional

11    injury or joining a series of unrelated claims against many defendants very likely will result in

12    delaying the review required by 28 U.S.C. § 1915 and an order dismissing Plaintiff's action

13    pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

14        An amended complaint must be complete in itself without reference to any prior

15    pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff

16    files an amended complaint, the original pleading is superseded.

17        Plaintiff is admonished that by signing an amended complaint he certifies he has made

18    reasonable inquiry and has evidentiary support for his allegations and that for violation of this

19    rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R.

20    Civ. P. 11.  Prison rules require Plaintiff to obey all laws, including this one, and Plaintiff may

21    be punished by prison authorities for violation of the court's rules and orders. *See* 15 Cal.

22    Admin. Code § 3005.

23        A prisoner may bring no § 1983 action until he has exhausted such administrative

24    remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory. *Booth*

25    *v. Churner*, 532 U.S. 731, 741 (2001).  Plaintiff is further admonished that by signing an

26    amended complaint he certifies his claims are warranted by existing law, including the law that

1  he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of

2  his action.

3        Accordingly, the court hereby orders that:

4        1.  Plaintiff's request to proceed in forma pauperis is granted.

5        2.  Plaintiff shall pay the statutory filing fee of $350.   All payments shall be collected in

6  accordance with the notice to the Director of the California Department of Corrections and

7  Rehabilitation filed concurrently herewith.

8        3.  The complaint is dismissed with leave to amend within thirty-five (35) days.  Plaintiff

9  shall file an original and one copy of the amended complaint, which must bear the docket

10  number assigned to this case and be titled "First Amended Complaint."  Failure to file an

11  amended complaint will result in a recommendation this action be dismissed for failure to state a

12  claim.  If Plaintiff files an amended complaint stating a cognizable claim the court will proceed

13  with service of process by the United States Marshal.

14  /////

15  Dated: November 2, 2007

16                                        /s/ Arthur Alarcón
                                          UNITED STATES CIRCUIT JUDGE
17                                        Sitting by Designation

4